IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ERIKA D. HARRIS, § | |
|    Plaintiff, § | |
| § | Civil Action No. __1:19-cv-614__ |
| v. § | |
| § | |
| LSB BROADCASTING, INC. § | JURY TRIAL REQUESTED |
| & TEGNA, INC., § | |
|    Defendants § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. SUMMARY

1. Plaintiff Harris is a female anchor at Defendants' KBMT-TV/12NEWS, has worked in Southeast Texas television over 20 years, and has won awards such as a 2019 Lonestar Emmy®. She co-anchors the 10 p.m. (i.e., lead) newscast in addition to performing many other duties, like anchoring other newscasts, filling in as a producer, and on-scene reporting for breaking events such as the Port Neches plant explosions.

2. The Equal Pay Act requires an employer to pay males and females equal pay for substantially equal work. Kevin Steele, a male who has performed essentially the same job as Plaintiff and has a similar level of experience, has been paid more than her. Defendants refuse to correct this.

3. Plaintiff Harris sues for three years' difference in pay/benefits, plus that amount again as liquidated damages, also seeking attorney fees/expenses, and any other relief determined to be appropriate. She further seeks an order that Defendants prevent future violations.

## II. JURISDICTION[1]

4. This Court has federal question (28 U.S.C. § 1331) jurisdiction because the suit arises under the federal Equal Pay Act (29 U.S.C. 206(d), *et seq*.).

## III. PARTIES AND SERVICE

5. Plaintiff is an individual, residing within the Eastern District of Texas, who may be contacted by way of the undersigned attorneys.

6. Defendant LSB Broadcasting, Inc. (as "licensee of KBMT/K-JAC-TV") is the company that entered into an employment contract with Plaintiff, though with the document signed by a vice-president of TEGNA.

7. LSB Broadcasting, Inc., a Delaware corporation, will be served via its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

8. As it is a Delaware corporation, Plaintiff will serve TEGNA, Inc. by way of its registered agent listed in the Delaware Division of Corporation records: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

9. A courtesy copy of the filed suit also is being emailed to Timothy Fair, Vice President for Labor Relations, at TEGNA's Tysons, Virginia headquarters.

---

[1] Assertions in this pleading are made in addition and in the alternative to each other. They are based on the limited amount of information available pre-discovery and so subject to correction and clarification as the case develops.

## IV. ADDITIONAL FACTUAL BACKGROUND

10. Plaintiff Erika Harris earned a B.A. in Journalism from Texas Southern University and started work in television news in 1997.

11. Her career has included work as a radio station news anchor, an associate producer, a general assignment reporter, and an anchor for another station.

12. She has worked as an anchor at KBMT-TV since 2007.

13. She is currently under a contract running from December 1, 2018 through November 30, 2019, for a position identified as "Anchor," which is full-time and FLSA-exempt.

14. She is highly regarded in the broadcast industry; e.g., she was nominated in 2019 for [two Lone Star (regional) EMMY® awards](#) and [won one](#).

15. Comparator Kevin Steele co-anchored the 10 p.m. news with Plaintiff in the same studio, under the same working conditions, and like her has more than 20 years in the journalism field.

16. As an example of the loyalty shown her by viewers, consider this email received at the station on December 2, 2019 [grammar, etc. as in original]:

> Ms. Harris,
>   Hope you enjoyed Thanksgiving.  Just wanted to let you know that the live expanded news coverage KBMT did last week on the TPC explosion was outstanding. I Especially wanted to point out you, Ms. Harris in particular.  You took the lead (and control) of the entire broadcast.  Your live impromptu explanation and knowledge of crucial refinery equipment and operations were spot on. You always seem to rise to whatever occasion may strike the area.  You are by far the best and most qualified news anchor in our area.  I hope KBMT truly appreciates what you bring to the broadcasting table.  Keep up the fantastic job...you're a pleasure to watch.

17. The federal Equal Pay Act prohibits discrimination on the basis of sex in the payment of wages by employers engaged in commerce.

18. The Equal Pay Act specifically prohibits an employer from paying staff of one sex less than those of the opposite sex for equal work requiring equal skill, effort, and responsibility, performed in similar working conditions.

    18.1. In contrast, factors other than sex demonstrated to be related to successful job performance are a permissible basis for differing pay.

19. In the event Defendants contend they paid Kevin Steele more because he has a handful of additional years' experience, Plaintiff would respond that Defendants apparently do not believe years of experience to predict a likelihood of successful performance.

    19.1. Otherwise the station would not have replaced Mr. Steele and Plaintiff temporarily on the 10 p.m. newscast for the November 2019 ratings period with substantially younger anchors.

20. In the event Defendants contend they paid Kevin Steele more because he performs additional work (such as hosting a Sunday political show), Plaintiff would respond that she has performed many duties beyond those of anchoring the 10 p.m. newscast.

    20.1. For example, she has filled in when a producer was unavailable.

    20.2. She welcomes evaluation of the number of hours and range of duties she has undertaken at the station versus those for Mr. Steele.

## V. EQUAL PAY ACT CLAIM

21. Defendants are employers engaged in interstate commerce. For example, their broadcast signal originates in Texas but also reaches Louisiana.

22. Plaintiff performed a common core of tasks associated with her job as anchor that was substantially equal to her male counterpart.

23. Plaintiff's job title, job description, and official responsibilities were substantially equal to her male counterpart.

24. For example, both anchored the 10 p.m. newscast, wrote/revised stories, developed story ideas, and publicly promoted the station.

25. The conditions where Plaintiff and her male counterpart performed the work basically were the same, with both working from the same studio, from the same anchor desk, sitting next to each other.

26. Plaintiff's male counterpart was paid more than her under these circumstances, and may have received additional benefits (e.g., further retirement contributions calculated based on the higher base salary), thus violating the Equal Pay Act.

27. Defendants are sophisticated employers with nationwide operations. They are aware of the importance of EEO matters to their operations, such as from including on their websites EEO data about hiring and recruitment.

28. Defendant TEGNA is or should be aware of its obligations to avoid gender discrimination, such as due to having been sued by female staff at Tampa

Bay's 10News WTSP in 2017 and Washington, D.C.'s WUSA9 in 2019, and in light of Plaintiff's prior request that it correct the pay disparity as to her.

29. Defendants also are aware that there was no legitimate basis to pay Plaintiff less than her male counterpart when they were doing the same job.

30. There was no legitimate complaint about Plaintiff's job performance as compared to that of her male counterpart that justified the pay difference.

31. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, among which are lost wages (and likely benefits) and the costs of retaining counsel and bringing this action.

32. Defendants willfully violated the Equal Pay Act and so are liable for liquidated damages.

33. Because Defendants' actions were willful, a three-year (rather than two-year) look-back period for damages should be applied.

34. Plaintiff additionally should receive any underpayment in salary and benefits received subsequent to the filing of this suit.[2]

## VI. RELIEF SOUGHT

35. In light of facts like those set out above, Plaintiff seeks relief such as the following, awarded jointly and severally against Defendants:

   35.1. an award of back pay and benefits;

---

[2] Defendants are reminded that the Act prohibits retaliation for pursuit of related claims and would prohibit solving the pay disparity by cutting Mr. Steele's salary.

35.2. an equal amount in liquidated damages;

35.3. attorney fees, expenses, and costs of court;

35.4. an order finding one or more Defendants to have violated the Equal Pay Act and enjoining future violations of it;

35.5. an order that Defendants regularly report to this Court on actions taken to avoid further violations of the Act; and

35.6. such other and further relief in law and equity as may be appropriate.

## PRAYER

FOR SUCH REASONS, Plaintiff requests that judgment be entered in her favor and that Defendants be denied relief of any kind.

Respectfully Submitted,

| MARSHA A. NORMAND, PC | SCHLEICHER LAW FIRM, PLLC |
|---|---|
| By: /s/ Marsha A. Normand<br>    Marsha A. Normand<br>    Texas Bar No. 15087980<br>2579 Liberty St.<br>Beaumont, TX  77702<br>(409) 839-4544<br>(409) 839-4313 fax<br>marshanormandpc@aol.com | By: /s/ David R. Schleicher<br>    David R. Schleicher<br>    Texas Bar No. 17753780<br>1227 N. Valley Mills Dr., Ste. 208<br>Waco, Texas 76710<br>(254) 776-3939<br>(254) 776-4001 fax<br>david@smallbiz.law |

ATTORNEYS FOR PLAINTIFF HARRIS